The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except with minor modifications.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in the Form 21 Agreement approved by the Commission on October 25, 1990, in the Pre-Trial Agreement filed on January 25, 1994, and at the hearing as
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and the employment relationship existed between the parties at all relevant times.
2. The defendant was a duly qualified self-insured on July 6, 1990, with Constitution State Service Company as the servicing agent. It is further stipulated that on the date of the hearing, Travelers Insurance Company was the carrier on the risk.
3. The plaintiff sustained an admittedly compensable injury on or about July 6, 1990. As a result of the admittedly compensable injury, the parties entered into a Form 21 Agreement for Compensation pursuant to which plaintiff's average weekly wage was established to be $357.60, which yields a weekly compensation rate of $238.41.
4. The plaintiff received temporary total disability compensation from July 31, 1990 through August 6, 1990, at which time she returned to work.
5. The issues for determination are:
 a. Whether plaintiff is entitled to benefits under the Workers' Compensation Act;
 b. Whether plaintiff's claim for additional benefits was timely filed;
 c. Whether plaintiff filed a timely claim for change of condition under N.C. Gen. Stat. § 97-47; and
 d. Should it be found that plaintiff experienced a compensable change of condition with respect to the injury of July 6, 1990, whether plaintiff's ongoing problems are causally related to said injury.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Claims supervisor Linda Saunders of Travelers Insurance Company prepared an I.C. Form 28B which was submitted to the Industrial Commission on or about August 31, 1990; and plaintiff's last compensation check was forwarded on September 5, 1990.
2. The plaintiff returned to work on August 6, 1990, and was placed in a light duty job.
3. The plaintiff began treatment with neurosurgeon Dr. Raymond Sweet on September 5, 1990, at which time she complained of mild tenderness in her back. Plaintiff had mild chronic right sacroiliitis or back strain.
4. Dr. Sweet kept plaintiff on light duty status from September 5, 1990, through October 8, 1990, at which time he found her to be at maximum medical improvement, with zero permanent partial impairment to her back as a result of the admittedly compensable injury of July 6, 1990. This was the last medical treatment authorized and paid for by defendant-carrier.
5. On October 26, 1990, defendants placed plaintiff into a switchboard operator job, which was lighter in nature than her initial light duty job. The plaintiff remained so employed until March of 1992.
6. The plaintiff self-referred to orthopaedic surgeon Dr. Kenneth Dols on January 30, 1992, for complaints of persistent back and shoulder pain which had been present for approximately two months. Dr. Dols asked plaintiff if she had experienced a specific injury, and she did not identify one. The plaintiff did relate information regarding the July 1990 injury, but stated that the pain had resolved. Dr. Dols' records show that plaintiff had experienced a "new onset of pain with no apparent immediate cause."
7. Physical examination and neurologic testing yielded normal findings; and on February 25, 1992, Dr. Dols advised plaintiff that her condition was due to deteriorated discs, and not due to any one specific work injury.
8. The plaintiff next self-referred to Dr. Paul Jaszewski, an orthopedic surgeon, on December 23, 1992. At that time, plaintiff noted an initial onset of pain in May of 1989.
9. On February 7, 1993, plaintiff reported to Dr. Jaszewski an injury to her shoulder after an altercation and fall at home. On February 24, 1993, plaintiff told Dr. Jaszewski that she was struck by another woman with a piece of metal in the neck and wrist.
10. The plaintiff, through counsel, filed an I.C. Form 33 Request for Hearing on February 4, 1993. Plaintiff failed to file a claim with the Industrial Commission within two years of defendants' last payment of compensation to plaintiff.
11. There is no evidence in the record to suggest that defendants should be equitably estopped from raising the plaintiff's failure to timely file a claim as a defense in this matter.
12. There is insufficient evidence of record from which to prove by its greater weight that plaintiff's medical problems for which she was treated by Dr. Dols and Dr. Jaszewski are causally related to the compensable injury by accident on July 6, 1990. There is also insufficient evidence of record from which to prove by its greater weight that plaintiff's current disability, if any, is causally related to the compensable work injury.
* * * * * * * * * * *
Based upon the findings of fact and conclusions of law, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Since plaintiff did not file a claim with the North Carolina Industrial Commission for further compensation within the two-year time period prescribed by N.C. Gen. Stat. 97-47, plaintiff is barred from receiving any such compensation. N.C. Gen. Stat. 97-47.
2. Defendants are not estopped to rely upon the provisions of N.C. Gen. Stat. 97-47 in bar of plaintiff's claim. Watkins v.Motor Lines, 279 N.C. 132, 181 S.E.2d 588 (1971).
3. Plaintiff has failed to show that she is entitled to additional medical treatment for her back or shoulder. N.C. Gen. Stat. 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
 S/ ___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ___________________ J. RANDOLPH WARD COMMISSIONER
LKM/bjp